(14 Misc. Rep. 172.)

### HARRIS et al. v. TREU et al.

(Superior Court of New York City, Special Term. October, 1895.)

EQUITY—JURISDICTION—RELIEF FROM DEFAULT JUDGMENT.

> Jurisdiction of equity to annul a warrant in summary proceedings in a district court of New York City, and to open a judgment rendered therein by default, cannot be implied from the fact that the justices of the district court cannot open defaults in such proceedings.

Action by Barnett Harris and others against Leopold R. Treu and others. Plaintiff moves for injunctive relief. Denied.

A. Cohen, for the motion.

Kurzman & Frankenheimer, opposed.

McADAM, J. On the return of the precept in summary proceedings instituted in the district court for nonpayment of rent, the tenants appeared, and obtained a short delay to file their answer, which they subsequently submitted, but were told that it was too late, as judgment by default had been entered, and a warrant to dispossess issued. The plaintiffs (the tenants), by their bill filed herein, seek to annul the warrant, open the judgment, and reinstate the tenancy, so as to permit them to pay the rent and costs, and discharge the

proceedings. The right to such relief is, strange to say, based upon their own default, not on the ground of fraud, want of jurisdiction, or the like, and is urged on the supposed lack of any other adequate remedy. The fact that the district court justice cannot open a default taken in summary proceedings does not imply that a court of equity must, for that reason, supply the absence of the jurisdiction by the assertion of its authority. The proceedings had in the lower court are regulated by statutory enactments, which clearly define the rights, duties, and remedies of parties thereto; and if the remedy for review with the stay which follows (Code, § 2262) is insufficient for present purposes, it is because the legislature, in its wisdom, did not intend to further enlarge the rights of tenants summarily proceeded against under said enactments. Indeed, the legislature, to make itself clearly understood, declared in section 2265 of the act that an injunction shall not be issued after judgment in such proceedings, except in a case where the final judgment in an action of ejectment would be stayed thereby; and this is not such a case. The tenants had their day in court, and, if they failed to avail themselves of any of their legal rights, it is because of their own neglect. If, on the other hand, they have been unjustly deprived of any legal rights by the action of the court below, the appeal provided for furnishes a complete remedy for the wrong. The rule is that, where a party is sued in a court of law having exclusive jurisdiction of the subject-matter, he must make his defense there, and cannot resort to equity, unless he is hindered or prevented from making such defense. Equity will not relieve from a judgment at law except for fraud, accident, surprise, or manifest injustice, unmixed with fault or negligence on the complainant's part (Hill. New Trials [2d Ed.] 590); and on this principle an injunction will not be granted if the person seeking it could, by proper diligence, have protected himself from injury by the ordinary means at law. Cases collated in 2 Daniell, Ch. Prac. (4th Ed.) 1621. There is nothing which calls for equitable interference with the proceedings of the lower court, or the execution of its process. See cases collated in 2 Abb. N. Y. Dig. 770. The application for injunctive relief must therefore be denied.